UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HIGH SPEED CAPITAL, LLC,

        Plaintiff,

        v.

CORPORATE DEBT ADVISORS, LLC,
TABLADA INVESTMENTS GROUP LLC,
TABLADA, INC., and EDMUNDO
TABLADA,

        Defendants.
_____

**DECISION AND ORDER**

1:18-CV-00880 EAW

**INTRODUCTION**

This litigation arises out of an attempt by plaintiff High Speed Capital ("Plaintiff") to execute a state court judgment obtained against defendants Tablada Investments Group LLC, Tablada, Inc., and Edmundo Tablada (collectively "Judgment Debtors") by commencing a post-judgment special proceeding in state court against defendant Corporate Debt Advisors, LLC ("Respondent"). On August 8, 2018, Respondent removed this action to federal court by filing a notice of removal. (Dkt. 1). Presently before the Court is Plaintiff's motion to remand. (Dkt. 3). For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's verified petition and the documents submitted for the instant motion to remand.[1] (Dkt. 3; Dkt. 10; Dkt. 11; Dkt. 12).

Plaintiff is a company that gives merchant cash advances to small businesses. (Dkt. 10 at 3). One of those businesses was a grocery store owned by the Judgment Debtors.[2] (Dkt. 12 at ¶¶ 4-5). On October 11, 2017, the New York State Supreme Court entered two judgments in favor of Plaintiff against the Judgment Debtors—one in the amount of $37,167.16, and the other in the amount of $46,280.61. (Dkt. 3-2 at ¶ 5). The Judgment Debtors retained Respondent in November 2017, to settle Plaintiff's judgment against them and to manage their debt payments. (Dkt. 12 at ¶ 4). Respondent provides debt resolution

---

[1]    In resolving this motion to remand, the Court treats all facts alleged in the verified petition as true. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) ("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)."); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (citations omitted)). The Court also may consider documents submitted in connection with a motion to remand. *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (holding that "if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings," including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis"); *see also Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 n.2 (S.D.N.Y. 2014) (relying on, in addition to the complaint, documents submitted in connection with removal and the motion to remand).

[2]    The grocery store went out of business in July of 2018 (Dkt. 12 at ¶¶ 8-9), and Edmundo Tablada filed for personal bankruptcy on August 29, 2018. (*Id.* at ¶ 10). Mr. Tabalada's bankruptcy petition was dismissed with prejudice on September 18, 2018. (Dkt. 23).

restructuring and negotiation services to small businesses. (*Id.*; Dkt. 11-1 at 41). While the record is not clear as to how Respondent's business operates, the record reveals the following: clients transfer funds monthly to an escrow account Respondent maintains for each client (Dkt. 11-1 at 41; Dkt. 11-2 at 4; Dkt. 11-3 at 5-6), and the clients maintain control over the funds (Dkt. 12 at ¶ 11); however, Respondent withdraws any fees owed to it directly from the accounts (Dkt. 11-3 at 5-6). It is unclear how much control Respondent otherwise maintains over the client funds.

Respondent first reached out to Plaintiff in January of 2018, and over the course of the next several months repeatedly attempted to negotiate the terms of the Judgment Debtors' debts to Plaintiff. (Dkt. 11-1 at 5). On April 6, 2018, Plaintiff served Respondent with a subpoena in an attempt to locate funds that could be used to satisfy the judgments it had obtained in state court. (*Id.* at 6). Respondent failed to reply. (*Id.*). Plaintiff alleges the Judgment Debtors fraudulently transferred funds to Respondent "as part of a scheme to hinder, delay, and defraud [Plaintiff] from recovering on its judgment." (*Id.* at 2).

On July 16, 2018, Plaintiff commenced a post-judgment special proceeding under New York Civil Practice Law & Rules ("CPLR") 5225 and 5227 against the Judgment Debtors and Respondent in New York state court to pursue its enforcement remedies. (Dkt. 3-2 at ¶¶ 9, 13). The state court set a hearing on the matter for August 9, 2018. (*Id.* at ¶ 16). On August 8, 2018, the evening before the hearing on the post-judgment special proceeding, Respondent filed a notice of removal. (*Id.* at ¶ 18).

Plaintiff filed the instant motion to remand to state court on August 15, 2018. (Dkt. 3). Respondent replied to the motion on September 5, 2018 (Dkt. 10), and Plaintiff

submitted its response on September 12, 2018 (Dkt. 17). Plaintiff contends that the matter currently before the Court is an ancillary proceeding not subject to removal.[3] (Dkt. 3 at 5-8).

## DISCUSSION

### I. Legal Standard

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003). In other words, the allegations in the complaint or other initiating pleading are critical to the proper evaluation of any attempt to remove an action.

"Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp.

---

[3]    Plaintiff also argues that removal to this Court was improper due to a lack of diversity jurisdiction. (Dkt. 3 at 15-19). Plaintiff contends Respondent failed to allege complete diversity and violated the rule of unanimity. (*Id.*). The Court notes that while it agrees diversity may not have been properly alleged here, courts routinely give defendants leave to amend their notice of removal to rectify this deficiency. *See, e.g., Jaser v. N.Y. Property Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (holding the district court's failure to grant the plaintiff leave to amend his complaint to achieve diversity was an abuse of discretion); *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) ("The Court has authority to order jurisdictional discovery to allow [the defendant] the opportunity to demonstrate subject matter jurisdiction."). Regardless, the Court does not reach the issues of diversity or unanimity because it finds the matter is not removable under 28 U.S.C. § 1441, as discussed below.

174, 178 (S.D.N.Y. 1996); *see, e.g., New York v. Lutheran Ctr. for the Aging, Inc.*, 957 F.

Supp. 393, 397 (E.D.N.Y. 1997) ("Removal statutes are to be strictly construed however,

and the burden of establishing that a case falls within the Court's removal jurisdiction falls

upon the removing party. . . ."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

100, 109 (1941) ("Due regard for the rightful independence of state governments, which

should actuate federal courts, requires that they scrupulously confine their own jurisdiction

to the precise limits which the statute has defined."). "All doubts should be resolved in

favor of remand." *Frontier Ins. Co. v. MTN Owner Trust*, 111 F. Supp. 2d 376, 379

(S.D.N.Y. 2000) (quoting *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y.

1996)); *see also Borden v. Blue Cross and Blue Shield of W.N.Y.*, 418 F. Supp. 2d 266, 271

(W.D.N.Y. 2006) ("[R]emoval statutes are to be strictly construed against removal and all

doubts should be resolved in favor of remand." (quoting *Leslie*, 928 F. Supp. at 347)).

## II.     Ancillary Proceeding or Independent Action Subject to Removal

Plaintiff argues that the proceeding presently before the Court is ancillary to a

judgment obtained in state court, not an independent action, and as a result it was

improperly removed from state court.[4] (Dkt. 3 at 11-13). Respondent argues that Plaintiff

---

[4]     Plaintiff also asserts that the Court should remand this case because there is not an analogous federal procedure to the special proceedings at issue here. (Dkt. 3 at 13-14). The Court agrees with Plaintiff that there is no analogous federal procedure for a special proceeding brought under CPLR 5225(b) and 5227. *See Mitchell v. Lyons Prof'l Servs., Inc.*, 109 F. Supp. 3d 555, 565-66 (E.D.N.Y. 2015) ("A special proceeding is a creature of New York law with no federal analogue." (quoting *S.E.C. v. Colonial Inv. Mgmt., LLC*, No. 07 Civ. 8849, 2010 WL 4159276, at *3-4 (S.D.N.Y. Oct. 6, 2010))). However, other courts within the Second Circuit have handled 5225(b) and 5227 special proceedings after adjudicating the underlying action from which the judgment came, including in a case Plaintiff cites in its memorandum. (*See* Dkt. 3 at 14); *see, e.g., Mitchell*, 109 F. Supp. 3d

seeks to establish liability against Respondent as a third party, and thus "[t]his is not an action merely to turn over funds held by a disinterested third party." (Dkt. 10 at 2). The Court agrees with Plaintiff and finds that the special proceeding initiated by Plaintiff against Respondent and the Judgment Debtors is ancillary to the underlying state claim.

The federal removal statute states, "any civil *action*, brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . ." 28 U.S.C. § 1441(a) (emphasis added); *see also id.* § 1446(a) ("A defendant or defendants desiring to remove any civil *action* from a State court shall file in the district court . . . and division within which such *action* is pending. . . ." (emphasis added)).[5] "Under § 1441(a), the term 'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." *Wimbledon Financing Master Fund, Ltd. v. Sage Group Consulting Inc.*, No. 17 Civ. 6563 (AT), 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("A civil case commenced in state court may, as a general

---

at 566 (E.D.N.Y. 2015) ("[F]ederal district courts in New York have long been called upon to accept, reject, or adapt this aspect of New York state practice. . . .").

[5]     The Second Circuit recently addressed a dispute among district courts regarding the scope of removal under 28 U.S.C. §§ 1441 and 1446. *See Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, No. 16-791-cv, 2018 WL 4996142 (2d Cir. Oct. 16, 2018). While § 1441 provides that only a "civil action" can be removed, § 1446 refers to the "notice of removal of a civil action or proceeding." In *Teamsters*, the Second Circuit held that § 1441 governs what is eligible for removal, not § 1446. 2018 WL 4996142, at *4. It pointed out that § 1446 "merely defines the procedures relating to removal; it does not define what kind of proceedings are removable—that is the ambit of § 1441." *Id.* Consequently, the Court's analysis for the present motion addresses only whether § 1441 permitted removal.

matter, be removed by the defendant to federal district court, if the case could have been brought there originally."). "[W]here the action sought to be removed first arose as a motion before the state court in a related proceeding, rather than as a separate complaint, the party seeking removal must [also] prove the existence of an action separate and independent from the related proceeding." *Fox & Horan v. Beiny*, No. 92–CV–2067 (LJF), 1992 WL 168261, at *1 (S.D.N.Y. June 29, 1992) (citing *First Nat'l Bank v. Turnbull & Co.*, 83 U.S. (16 Wall.) 190 (1873)); *see Estate of Kelly v. Gagliano*, No. 13-CV-6077 (NGG)(LB), 2014 WL 950050, at *2 (E.D.N.Y. Mar. 11, 2014) (granting the plaintiff's motion to remand because the proceeding was "'merely auxiliary' to the original proceeding" in state court).

"[I]n this Circuit if the action is to collect a judgment and not to establish the liability of a third party, it falls within the *ancillary* jurisdiction of the district court." *UFCW Local 174 Comm. Health Care Fund v. Homestead Meadows Foods Corp.*, 425 F. Supp. 2d 392, 394 (S.D.N.Y. 2005) (emphasis added); *see Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 106 (2d Cir. 2001) (recognizing a "distinction for jurisdictional purposes . . . between an action to collect a judgment . . . and an action to establish liability on the part of a third party"). CPLR 5225(b) allows the judgment creditor to commence a special proceeding "against a person in possession or custody of money . . . in which the judgment debtor has an interest, or against a person who is a transferee of money . . . from the judgment debtor," and CPLR 5227 allows for the initiation of a special proceeding "against any person who it is shown is or will become indebted to the judgment debtor." "[I]t is well established that [5225(b)] may be used to attack fraudulent transfers without the need to resort to a

plenary action." *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 123 (E.D.N.Y. 2010); *see WBP Cent. Assocs., LLC v. DeCola*, 50 A.D.3d 693, 693 (2d Dep't 2008) ("[A] claim to set aside an allegedly fraudulent conveyance of money, assets, or property may be asserted in a special proceeding pursuant to CPLR 5225(b). . . ."). CPLR 5225(b) "creates a *procedural* mechanism by which judgment creditors can enforce a money judgment, rather than a new *substantive* right." *Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 640 (2d Cir. 2016) (emphasis in original) (internal citation omitted).

The decision in *Multibank, Inc. v. Access Global Capital LLC*, 17 Civ. 3467 (KPF), 2017 WL 6028535 (S.D.N.Y. Dec. 4, 2017), relied on by both Plaintiff and Respondent, is instructive. There, the court held that removal was improper because the case was a turnover proceeding pursuant to CPLR 5225(b) and therefore ancillary. *Id.* at *8-9. The debtor had assigned the claims against it to the defendant, and the plaintiff pursued a CPLR 5225(b) proceeding against the defendant to collect on its judgment against the debtor. *Id.* at *3. The court found the fact that the plaintiff "chose to bring this action under CPLR 5225(b) is itself significant and further supports the conclusion that the proceeding is ancillary." *Id.* at *8. The court stated: "This is not an 'independent controversy' and, for that reason, must be remanded to state court." *Id.* at *9. It also determined the plaintiff had met its burden of pleading that the transfer of assets at issue was a fraudulent conveyance.[6] *Id.* at *7-8.

---

[6]     Respondent argues that the *Multibank* court found the respondent's opposition to the remand of a CPLR 5225(b) proceeding plausible "on the grounds that the debtor's transfer of assets to the respondent was not a fraudulent conveyance. . . ." (Dkt. 10 at 6). Respondent misstates the court's analysis. The court in *Multibank* only discussed whether

The Court finds the proceeding at issue here ancillary to a judgment obtained in state court. The Second Circuit has recognized that a 5225(b) special proceeding is a procedural mechanism, not a substantive right, *see Garrison*, 819 F.3d at 640, and federal courts within the Circuit have held that 5225(b) and 5227 proceedings are ancillary to the underlying proceeding that led to the state court judgment. *See, e.g., Wimbledon*, 2017 WL 6034649, at *3 ("[T]he Court finds that this proceeding [pursuant to 5225(b) and 5227] is ancillary to the underlying proceeding that led to the default judgment against [the plaintiff] and, therefore, that removal is improper."); *Multibank, Inc.*, 2017 WL 6028535, at *9 ("Because Multibank's turnover proceeding against [the plaintiff] is ancillary to the underlying state court action, removal is improper."); *see also Lyons*, 727 F. Supp. 2d at 123 (holding it was permissible for the plaintiff to invoke a 5225(b) procedure by filing a motion in the action in which the judgment was obtained instead of commencing a separate action). Plaintiff's petition commences a special proceeding against Respondent and the Judgment Debtors pursuant to CPLR 5225(b) and 5227 to satisfy the judgment Plaintiff obtained in state court against the Judgment Debtors, and it invokes no other claim for

---

the plaintiff's 5225(b) petition contained the *allegations* necessary to make out a fraudulent conveyance claim; the court did not go as far as to analyze the merits of whether a fraudulent conveyance had occurred. 2017 WL 6028535, at *7-9. Likewise, in this case Plaintiff has properly laid out the allegations necessary to pursue a special proceeding on the basis of a fraudulent transfer in its petition. Plaintiff discusses the applicable New York law regarding fraudulent conveyances, i.e. New York's Debtor and Creditor Law §§ 273, 273-a, 276, and 276-a, and articulates relevant factual allegations about the transfer that, it argues, "demonstrate that the transfer of money from [the Judgment Debtors] to [Respondent] should be set aside as fraudulent. . . ." (Dkt. 11-1 at 7-9). Plaintiff presents no other claim besides those subject to the 5225(b) and 5227 special proceeding. Accordingly, the Court finds Respondent's argument on this front unpersuasive.

relief. (Dkt. 11-1). Therefore, the underlying petition is ancillary to that state court proceeding and not removable to federal court.

Respondent argues that because it contends the transfer of assets was not a fraudulent conveyance and therefore not subject to CPLR 5225(b) or 5227, Plaintiff's petition is not actually a special proceeding. The Court finds this argument unpersuasive. Whether or not the conveyance was fraudulent is a question to be litigated *within* a special proceeding pursuant to 5225(b) and 5227. *See Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 126 F. Supp. 3d 388, 400 (S.D.N.Y. 2015) ("A judgment creditor may raise several types of claims *within* a [5225(b)] special proceeding, including a fraudulent conveyance claim against a third party to which the judgment debtor transferred assets." (emphasis added)); *WBP Cent. Assocs.*, 50 A.D.3d at 694 ("The petitioner correctly contends that, pursuant to the 'trust fund doctrine[,'] it may litigate, *in a special proceeding* pursuant to CPLR 5225(b), its claims that transfers were made without fair consideration. . . ." (emphasis added) (citation omitted)). If during the special proceeding Plaintiff fails to demonstrate that the Judgment Debtors' conveyance to Respondent was fraudulent, then Plaintiff may not be able to recover moneys from Respondent. *See, e.g., Kalati v. Indep. Diamond Brokers, Inc.*, 209 A.D.2d 412, 412 (2d Dep't 1994) (granting the petitioner's motion for summary judgment in a proceeding pursuant to 5225(b) because the petitioners "established that the judgment debtor's assets were transferred without fair consideration"); *Cardinal Health 414 LLC v. U.S. Heartcare Mgmt., Inc.*, 38 Misc.3d 1222(A), at *4 (N.Y. Sup. Ct., Suffolk Cty., Feb. 13, 2013) ("In proceedings brought pursuant to CPLR 5225(b), if a creditor seeks payment from a transferee of a judgment

debtor, the creditor is required to demonstrate, under the relevant provisions of the Debtor and Creditor Law, that the debtor's conveyance was fraudulent and made without fair consideration."). Therefore, whether the transfer was fraudulent has no bearing on the determination of whether the special proceeding initiated by Plaintiff's petition is ancillary or an action subject to removal.

For the foregoing reasons, the Court finds that the proceeding Respondent seeks to remove is a special proceeding pursuant to CPLR 5225(b) and 5227, it is ancillary to the underlying case from which the judgment was obtained, and as such removal here was improper.

### III. Plaintiff's Request for Award of Attorneys' Fees and Costs

Plaintiff requests an award of attorneys' fees and costs incurred in connection with this motion. (Dkt. 3 at 19). Federal law authorizes the Court to impose an award for attorneys' fees and costs upon remand. 28 U.S.C. §1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). A court may award such fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds Respondent did not lack an objective basis for removal here. The Court arguably had diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and because there could be complete diversity among the parties. (Dkt. 11-1); *see supra* note 3. Additionally, the Second Circuit has yet to provide binding precedent that a turnover proceeding under CPLR 5225(b) and 5227 is

ancillary to the underlying state court litigation. *See Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. Mar. 25, 2011) (holding that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and that district court decisions "do not render the law clearly established"). Accordingly, the Court cannot hold that Respondent's removal of this case was objectively unreasonable and therefore denies Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to remand (Dkt. 3) is granted, and the case is remanded to the New York State Supreme Court, County of Erie. The Clerk of Court is instructed to mail a certified copy of this Decision and Order, with a clear reference to Supreme Court, County of Erie, Index No. 810673/2018 to the clerk of the state court, and then to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:    October 23, 2018
         Rochester, New York